Carl D. Crowell, OSB No. 982049
email:  crowell@kite.com
Crowell Law
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DISTRICT

| | |
|---|---|
| **ADAM MATOT**<br><br>　　　　　Plaintiff,<br><br>v.<br><br>**DOES 1-5**<br><br>　　　　　Defendants. | Case No.:  6:13-cv-0153-TC<br><br>PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION FOR EXPEDITED DISCOVERY |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION FOR EXPEDITED DISCOVERY

Pursuant to Federal Rule of Civil Procedure 26 and 45, plaintiff hereby moves this Court *ex parte* for an Order permitting Plaintiff to take further limited expedited discovery prior to the Rule 26 conference in addition to that which was granted in the order of February 4, 2013.  (Doc. 4.)  While this court granted limited relief *sua sponte* for discovery from a single party, plaintiff needs to be able to issue subpoenas to Facebook and Twitter and possible corresponding email services and internet service providers to ascertain the identity of the Doe defendants.

### I. INTRODUCTION

Plaintiff, the assistant principal at Judson Middle School, filed this action to stop defendants from perpetuating fraud and abuse via protected computers and to stop defendants

from harming plaintiff and others.  Using social media outlets such as Facebook and Twitter, defendants, by operating through fraud and abuse and beyond the scope of the relevant social media outlet user agreements, operate fraudulent and unauthorized Facebook and Twitter accounts under plaintiff's name and likeness.  The actions of the Doe defendants defame plaintiff and cause harm to plaintiff and others.  Moreover, as the assistant principal at Judson Middle School, the actions of the Doe defendants impair defendant in his professional capacity and compromise the security of the students at Judson Middle School.

This court, *sua sponte* granted plaintiff limited discovery to issue a subpoena to the school where he works, however it is the social networking sites at issue that are holding the relevant information needed by plaintiff.  The only way that plaintiff can determine the true identity of defendants is from records kept by the social media providers Facebook and Twitter.  It is believed this information is readily available to those social media providers from the records they keep in the regular course of business.  It is anticipated such records will reveal the source email accounts and internet service provider's internet protocol addresses which accessed and controlled the related Facebook and Twitter accounts.

Once plaintiff has the source email accounts and internet service provider's internet protocol addresses which accessed and controlled the Facebook and Twitter accounts, plaintiff will then need to subpoena email providers and possibly internet service providers to determine the actual identity of the defendants.

The process can be compared to a first request to obtain a photograph of a vehicle involved in an accident and then using the license plate from the photograph to identify the owner of the vehicle.  In this case Facebook and Twitter will have records that indicated how the accounts were created and controlled with affiliated email addresses and internet service provider internet

protocol addresses. The emails and internet protocol addresses can then be used to identify the defendants through respective services.

Accordingly, plaintiff seeks leave of this Court for limited discovery prior to a Rule 26(f) conference on several non-party social media outlets, email providers and ISP's solely to determine the true identities of defendants Does 1-5.

## II. ARGUMENT

Federal Rule of Civil Procedure 26(d)(1) authorizes a court to permit discovery before the Rule 26(f) conference upon a showing of "good cause" for the party's need for expedited discovery. *See, e.g., Renaud v. Gillick*, No. 06-1304, 2004 WL 98465, at *2-3 (W.D. Wash. Jan. 8, 2007) (analyzing the Ninth Circuit standard of "good cause" and cases permitting expedited discovery); *Semitool, Inc. v. Tokyo Electron Am., Inc.,* 280 F.R.D. 273, 276 (N.D. Cal. 2002) ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.")

Courts routinely allow discovery to identify "Doe" defendants. *See, e.g., Murphy v. Goord*, 445 F.Supp.2d 261, 266 (W.D. New York 2006) (in situations where the identity of alleged defendants may not be known prior to the filing of a complaint, the plaintiff should have an opportunity to pursue discovery to identify the unknown defendants); *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (error to dismiss unnamed defendants given possibility that identity could be ascertained through discovery). *Equidyne Corp. v. Does 1-21*, 279 F.Supp.2d 481, 483 (D. Del. 2003) (allowing pre-Rule 26 conference discovery from ISPs to obtain identities of users anonymously posting messages on message boards).

Courts consider the following factors when granting motions for expedited discovery to identify anonymous internet users: (1) whether the plaintiff can identify the missing party with

sufficient specificity such that the court can determine that the defendant is a real person or entity who could be sued in federal court; (2) all previous steps taken by the plaintiff to identify the Doe defendants; and (3) whether the plaintiff's suit could withstand a motion to dismiss. *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-580 (N.D. Cal. 1999)

First, plaintiff can identify the missing party with sufficient specificity: the missing parties are the operators of the Twitter and Facebook accounts which feature plaintiff's name and likeness. Second, plaintiff has no other means to readily identify the Doe defendants as while the social media sites of Twitter and Facebook and various email and internet service providers have procedures for revealing such information, they require a subpoena as a matter of course. Third, plaintiff states a claim for abuse and computer fraud and defamation. Specifically, plaintiff has alleged sufficient facts to support a plausible right to relief well above any general level of mere speculation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Good cause clearly exists in this case because the social media outlets, Facebook and Twitter, and the related email and internet service providers used to access such social media providers are the only sources which can supply the information necessary to identify the defendants. If that information remains hidden defendants will be able to continue to violate 18 U.S.C. 1030, be able to continue to defame and cause harm to plaintiff and be free to continue to harm others under the name and likeness of plaintiff.

It is clearly in the interest of preserving order and in particular in the interest of protecting the public school system that this court should grant Plaintiff's motion. *See Semitool, Inc.*, 280 F.R.D. at 276 ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party).

### III. CONCLUSION

For the foregoing reasons, plaintiff respectfully submits that the Court should grant the *Ex Parte* Motion for Leave to Take Discovery Prior to Rule 26 Conference and enter an Order as follows:

a.  Allowing plaintiff to subpoena records as to the identity of any party that created or had controlling access to any Twitter or Facebook account which identifies itself with the name and likeness of plaintiff.

b.  Allowing plaintiff to use the information obtained from Twitter and Facebook, in particular any email address or internet service provider internet protocol address affiliated with control of the relevant Twitter and Facebook accounts, to subpoena any email service or internet service provider for such further information as may be needed to specifically identify the Doe defendants.

DATED: February 10, 2013.

*/s/Carl D. Crowell*
Carl D. Crowell, OSB No. 982049
email: crowell@kite.com
Crowell Law
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for the plaintiff