Carl D. Crowell, OSB No. 982049
email: crowell@kite.com
Crowell Law
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| ADAM MATOT,<br><br>    Plaintiff,<br><br>v.<br><br>CH, a minor; BRITTANY FREESE a/k/a BRITTANY HILL, parent of minor CH; GARY HILL, parent of minor CH; and DOES 1 and 2.<br><br>    Defendants. | Case No.: 6:13-cv- 00153-TC<br><br>FIRST AMENDED COMPLAINT<br>18 U.S.C. § 1030<br>Computer Fraud and Abuse<br>Defamation<br>Negligent Supervision<br>ORS 30.765 |

Adam Matot, plaintiff, complains and alleges as follows:

INTRODUCTION

1.    Plaintiff Adam Matot is a U.S. Navy veteran and a 14 year employee of the Salem Keizer School District where he has taught science and math and is currently the assistant principal at Judson Middle School.

2.    As a part of his regular duties he is tasked with ensuring the safety and well being of over 950 students at Judson Middle School, working diligently to create an environment free from bullying and harassment. From time to time plaintiff's duty enforcing discipline creates an adversarial relationship with select students.

FIRST AMENDED COMPLAINT                                                       PAGE 1

3. In recent years, computer technology, and in particular social networking sites have permitted students to act as a cyber bully to bully and intimidate other students and to retaliate against plaintiff in a seemingly anonymous fashion. Such bullying and retaliation often goes beyond mere comment or criticism and into areas of intentionally harmful statements and even to the creation of fraudulent social media accounts (i.e., Facebook and Twitter accounts) which permit a cyber bully to interact with third parties in plaintiff's name.

4. With the creation of such accounts students are able to inflict real harm on both plaintiff and third parties by pretending to be plaintiff and exposing minors and other students to obscene and prurient content in plaintiff's name. Such conduct impairs plaintiff's ability to function and perform his duties and undermines his essential authority to maintain security and protect students from harm.

5. There is concern that students who are causing harm to plaintiff, if permitted to continue to hide behind forged accounts, may be inflicting similar harm on other students or may escalate their attacks to increase the harm caused to plaintiff and other students.

6. This action is necessary to permit plaintiff to identify the defendants.

7. This action is necessary to expose and stop those who would intentionally use social networking sites to cause real and continuing harm to both plaintiff and the general public, in particular real harm to the students at Judson Middle School.

## JURISDICTION AND VENUE

8. This is a civil action authorized by 18 U.S.C. § 1030(g).

9.  This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the laws of the United States.

10. This court has supplemental jurisdiction over the subject matter of the plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), in that those claims are so related to the plaintiff's federal claims that they form part of the same case or controversy.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to the claims of plaintiff occurred in this district, namely Marion County, Oregon.

## PARTIES

### THE PLAINTIFF

12. Plaintiff Adam Matot is an individual and resident of Marion County, Oregon.

### THE DEFENDANTS

13. One or more Doe defendants may yet be identified as discovery continues.

14. Identified defendants include:

    a.  CH, a minor residing in Salem, Oregon, identified herein as CH pursuant to FRCP 5.2;

    b.  BRITTANY FREESE a/k/a BRITTANY HILL, parent of minor CH, who was a resident of Salem, Oregon at all times relevant to this action; and

    c.  GARY HILL, parent of minor CH, who was a resident of Salem, Oregon at all times relevant to this action.

///

///

## FACTS COMMON TO ALL CLAIMS

15. School safety and security, and in particular the safety and security of students is of utmost concern and an issue in the modern school system. There is a real and urgent need to protect students not only from traditional threats of physical violence, but also from psychological violence and bullying from peers.

16. Plaintiff, as assistant principal of a public school, must regularly maintain the order and discipline necessary to provide for the general safety and welfare of students, both from external factors and in any inter-student or intra-school conflict amongst the students.

17. With the advent of computerized social networking sites like Facebook (www.facebook.com), Twitter (www.twitter.com) and other social media services the school dynamic now extends to the internet. While social media and the internet is a useful tool and generally beneficial, they have also become a source of threats and harm.

18. Social networking sites permit students, teachers and others to create accounts or profiles to interact with each other through the sharing of images, messages and other media. Such accounts generally include the name and photograph of the account holder to allow easy identification.

19. A procedure known to be used by one or more defendants would be to create an account using plaintiff's name and likeness, appearing at least initially to be an account of plaintiff.

20. One or more defendants would then send an invitation to communicate to a child-student, appearing at least initially to be a communication from plaintiff.

21.     On accepting an invitation to communicate from defendants, third parties, including children, were then linked to and exposed to pornographic and obscene material of a prurient nature that was displayed and presented as if it were associated with or from plaintiff.

22.     Social networking sites on which defendants created accounts in the name and likeness of plaintiff include Twitter and Facebook.

FIRST CLAIM FOR RELIEF
18 U.S.C. § 1030
Computer Fraud and Abuse – CH and DOES

23.     Computers systems that operate the Facebook (www.facebook.com), Twitter (www.twitter.com) and other social media services are protected computers in that they are used in or affecting interstate commerce pursuant to 18 U.S.C. § 1030 (e)(2)(B).

24.     Accessing social networking computers such as Twitter and Facebook under false pretense and with intent to cause harm is a violation of the license under which access is provided and thus such access is unauthorized access.

25.     Defendants CH and Does recklessly accessed one or more protected computers in an unauthorized manner for the purposes of creating one or more social networking accounts under the name and likeness of plaintiff causing injury and damage to plaintiff in a sum of at least $5,000.

26.     CH and Does knowingly and with intent to defraud accessed one or more protected computers in an unauthorized manner for the purposes of creating one or more social networking accounts under the name and likeness of plaintiff causing harm and damage to plaintiff and others.

27.   The conduct of CH and Does constitutes a threat to public safety.

28.   The conduct of CH and Does has forced plaintiff to incur loss in response to defendants' conduct, including the costs associated with this suit.

29.   Defendants CH and Does should be enjoined for a period of time deemed reasonable by the court from participating on social networking sites.

SECOND CLAIM FOR RELIEF
Defamation – Minor CH and Does

30.   Under false accounts on social networking sites defendants CH and Does have published false and defamatory statements about plaintiff and presented false and defamatory images and statements attributed to plaintiff that if actually published by plaintiff would impair or prohibit plaintiff from being able to perform his duties as vice-principal and subject plaintiff to professional discipline.

31.   Under false accounts on social networking sites defendants CH and Does have published false and defamatory statements about plaintiff and presented false and defamatory images and statements attributed to plaintiff with reckless disregard to the truth or falsity of the statements.

32.   Under false accounts on social networking sites defendants CH and Does have published false and defamatory statements about plaintiff and presented false and defamatory images and statements attributed to plaintiff with the specific intent of causing plaintiff harm and impairing plaintiff's ability to perform his duties as assistant principal.

33.   Defendants' conduct was not privileged.

34.     Plaintiff has been harmed by defendants' conduct.

### THIRD CLAIM FOR RELIEF
### NEGLIGENT SUPERVISION
### Parental Liability

35.     The parents of CH were aware of behavioral conditions of their child that put them on notice of a heightened standard of care, including the need to monitor and supervise activities such as Internet use.

36.     The parents of CH had the opportunity and ability to control the conduct of CH.

37.     The parents of CH were negligent in their failure to properly supervise and monitor their use of the Internet permitting them unsupervised access to computer systems such as Facebook and Twitter.

38.     The negligence of the parents of CH was a substantial factor in causing harm to Matot.

### FOURTH CLAIM FOR RELIEF
### ORS 30.765 – Liability of Parents for Tort by Child

39.     The above-alleged conduct of unemancipated minor CH was intentional or reckless.

40.     On information and belief defendants Brittany Freese and Gary Hill were the parents of defendant CH and each jointly entitled to custody of CH at the time of the tortious conduct of CH.

41.     Pursuant to ORS 30.765, the parent or parents of an unemancipated minor child shall be liable for actual damages to person or property caused by any tort intentionally or

recklessly committed by such child, as such the parents of CH are liable in this matter for the actions of CH.

42.     Pursuant to ORS 30.765(3) the parents shall be named as defendants and, in addition, the minor child shall be named as a defendant, and the filing of an answer by the parents shall remove any requirement that a guardian ad litem be required.

## NOTICE OF FURTHER CLAIMS

43.     While the relief prayed for by plaintiff is specific, plaintiff hereby provides notice of the potential damages available under various State and Federal Laws which include:

    a.     Plaintiff's full damages;

    b.     Punitive damages;

    c.     All costs of this action;

    d.     Broad equitable relief, including long term limitations on internet use; and

    e.     Forfeiture of equipment.

44.     Plaintiff gives notice he may move to elect the full scope of relief available against each defendant at any time.

## PRAYER FOR RELIEF

45.     Wherefore, plaintiff prays for a judgment against defendants and each of them and that the court:

    A.     Find that defendants CH and Does have violated 18 U.S.C. § 1030;

    B.     That defendants CH and Does were reckless in their conduct;

C. That defendants CH and Does were willful in their conduct;

D. Enter judgments against defendants CH and Does and in favor of plaintiff in the amount of $5,000.00;

E. That the parents of CH were negligent in their supervision of CH causing damage to plaintiff in an amount to be proven at trial.

F. That the parents of CH are liable for the damages caused by CH pursuant to ORS 30.765.

G. Award plaintiff his costs and attorney fees;

H. Enjoin defendants CH and Does from using or accessing accounts on Twitter or Facebook for a period deemed reasonable and proper by the court; and

I. Grant plaintiff such other and further relief as justice may require

DATED: June 18, 2013.

Respectfully submitted,

/s/ Carl D. Crowell
Carl D. Crowell, OSB No. 982049
email: crowell@kite.com
Crowell Law
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for the plaintiff