Joseph D. Smith, OSB No. 111418
email: joe@salemlegalteam.com
Castillo Wren Smith, P.C.
1305 Cannon Street SE
Salem, OR 97302
(503) 371-4444
Or Attorneys for Defendant/Gary Hill

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| ADAM MATOT,<br><br>    Plaintiff,<br><br>v.<br><br>CH, a minor; BRITTANY FREESE a/k/a BRITTANY HILL, parent of minor CH: GARY HILL, parent of minor CH; and DOES 1 and 2,<br><br>    Defendants. | Case No.: 6:13-cv-00153-TC<br><br>**DEFENDANT GARY HILL'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(B)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**
**Introduction**

1.  Defendant Gary Hill respectfully requests dismissal of Plaintiffs' First Amended Complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  As explained more fully below, this Court lacks subject matter jurisdiction to hear this case as it does not arise under the laws of the United States.  Plaintiff's Amended Complaint seeks to improperly apply the Computer Fraud and Abuse Act (hereinafter "CFAA"), 18 U.S.C. § 1030 to the creation of false social media personas by children.  Such application has already been soundly rejected by the

Ninth Circuit Court of Appeals. Even if the CFAA were applicable in this case, Plaintiff lacks standing to bring a civil claim under the CFAA as he has alleged no ownership interest in the computers in question or the data stored thereon.

## Statutory Background

2. Congress enacted the CRAA in 1984 primarily to address the growing problem of computer hacking, recognizing that, "[i]n intentionally trespassing into someone else's computer files, the offender obtains at the very least information as to how to break into that computer system." *U.S. v. Nosal*, 676 F.3d 855, 858 (9th Cir. 2012) (citing S.Rep. No 99-432, at 9 (1985), 1986 U.S.C.C.A.N. 2479, 2487 (Conf. Rep.)). The CFAA prohibits a number of different computer crimes, the majority of which involve accessing computers without authorization or in excess of authorization, and then taking specified prohibited actions, ranging from stealing information to damaging a computer or computer data. See 18 U.S.C. § 1030(a)(1)-(7)(2004).

3. In following years, some circuit courts have interpreted the CFAA broadly to cover violations of corporate computer use restrictions or violation of a duty of loyalty. *Nosal* at 862. The Ninth Circuit, however, has adopted a narrow interpretation and concluded that the term "exceeds authorized access" as used in the CFAA "does not extend to violation of the use restrictions." This interpretation protects users that knowingly or unknowingly violate the terms of websites like Craigslist, EBay, EHarmony, etc.

## Statement of Relevant Facts

4. The amended complaint contains 4 claims for relief. Of those claims, 2 are against Defendant Gary Hill. This motion seeks to dismiss Plaintiff's claim in its entirety for lack of subject matter jurisdiction.

## Legal Standards

5.  Subject matter jurisdiction is an essential element to every lawsuit and must be demonstrated "at the successive stages of the litigation." *Chapman v. Pier 1 Imports* (U.S.), Inc.,631 F.3d 939, 954 (9th Cir. 2011) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561(1992)). The existence of subject matter jurisdiction is an ongoing inquiry that a court must conduct sua sponte in order to continue the case. *Chapman*, 631 F.3d at 954; *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002). The plaintiff has the burden of establishing jurisdiction after a defendant files a 12(b)(1) Motion contesting the Court's subject matter jurisdiction. *Rodriguez v. P.L. Industries, Inc.*, 53 F.Supp.2d 538, 539 (D.Puerto Rico 1999). Where subject matter jurisdiction is absent, a court has no discretion and must dismiss the case. *Chapman*, 631 F.3d at 954. A central component to subject matter jurisdiction is the question of standing, which requires that the party experience actual or imminent harm. *Lujan*, 504 U.S. at 561 (citing *Whitmore v. Ark.*, 495 U.S. 149, 155 (1990)). A party's standing to bring a case is not subject to waiver, and can be used to dismiss the instant action at any time. Fed. R. Civ. P. 12(h)(3); *U.S. v. Hays*, 515 U.S. 737, 742 (1995); *Chapman*, 631 F.3d at 954.

## Argument

6.  28 U.S.C. § 1331 grants the Court subject matter jurisdiction where a civil action arises under the laws of the United States. Here Plaintiff attempts to find subject matter jurisdiction by mistakenly alleging a violation of the CFAA, 18 U.S.C. § 1030. Though not stated in Plaintiff's claim for relief, the only section of the CFAA that is even remotely applicable in this case is 18 U.S.C. § 1030(4) which states:

> (4) Whoever knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the

> intended fraud and obtains anything of value, unless the object of the fraud and the thing obtained consists only of the use of the computer and the value of such use is not more than $5,000 in any 1-year period shall be punished as provided in subsection (c) of this section.

The Ninth Circuit Court has held "that a person uses a computer 'without authorization'" under §§ 1030(a)(2) and (4) when the person has not received permission to use the computer for any purpose (such as when a hacker accesses someone's computer without any permission), or when the employer has rescinded permission to access the computer and the defendant uses the computer anyway". *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1135 (9th Cir.2009).

7.      Facebook, Twitter and similar social networking computers are open to the public. All individuals have permission, and are in fact encouraged, to access such computers to interact with other individuals all over the globe. Because all people may use public social media computers, Defendant CH and Does 1 and 2 could not access the afore mentioned computers "without authorization".

8.      The question then becomes whether or not Defendant CH and Does 1 and 2's use of the social media computers "exceeds authorized access." In *U.S. v. Nosal*, the Ninth Circuit held that "the phrase 'exceeds authorized access'" in the CFAA does not extend to violation of use restrictions. 676 F.3d 855, 863. The Court declined a broader interpretation of the CFAA because "[l]ying on social media websites is common: People shave years off their age, add inches to their height and drop pounds for their weight." *Id* at 862. The Court even cites an example of a mother who posed as a 17-year-old boy and cyber-bullied her daughter's classmate in violation of a social media website's use restrictions. Because violation of use restriction on a website does not "exceed authorized access", Defendant CH and Does 1 and 2 could not have exceeded authorized access to Facebook or Twitter computers even if the allegations of Plaintiff's First Amended Complaint were true.

9.      Defendant CH and Does 1 and 2 had authorized access to Facebook and Twitter computers and did not exceed authorized access by actual or alleged use. Therefore, the CFAA cannot apply to any named defendant.

10.     Defendant lacks standing to bring a civil suit under 18 U.S.C. § 1030(g). A civil action under 18 U.S.C. § 1030(g) may be brought by "[a]ny person who suffers damage or loss by reason of the violation of this section". "Damage" is defined in 18 U.S.C. § 1030(e)(8) as "impairment to the integrity or availability of data, a program, a system, or information". "Loss" is defined in 18 U.S.C. § 1030(e)(11) as:

> "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damage incurred because of interruption of service".

The terms "damage" and "loss" as used in section (g) refer only to those individuals that have an ownership interest in the computer accessed or in the data, program or system found within the computer accessed.

11.     Plaintiff does not claim ownership in any computer alleged to have been accessed by any defendant nor does he allege ownership interest in any data, program or system located therein. Even if the CFAA applied to the creation of false Facebook or Twitter accounts, Plaintiff would have to step into the shoes of those companies to assert any claim under the CFAA on their behalf. He can not. Plaintiff has not suffered "damage" or "loss" as defined in 18 U.S.C. § 1030(g) and therefore does not have standing to bring a civil action under the CFAA.

12.     The CFAA is not applicable to the facts of this case as presented by Plaintiff. Even if it were, Plaintiff lacks standing under the CFAA to bring a claim. This action does not arise under the laws of the United States. Given that this case does not arise under the laws of the United

States, this Court lacks subject matter jurisdiction and must dismiss Plaintiff's Amended Complaint.

## Conclusion

13.     Based on the foregoing reasons, Defendants respectfully request that Plaintiff's Amended Complaint be dismissed without leave to amend.

**DATED** this 11th day of July, 2013.

                                                Respectfully submitted

                                                /s/ Joseph D. Smith_____
                                                Joseph D. Smith, OSB No. 111418
                                                email: joe@salemlegalteam.com
                                                Castillo Wren Smith, P.C.
                                                1305 Cannon Street SE
                                                Salem, OR 97302
                                                Of Attorneys for Defendant/Gary Hill