Carl D. Crowell, OSB No. 982049
email: crowell@kite.com
Crowell Law
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DISTRICT

| | |
|---|---|
| ADAM MATOT,<br><br>                    Plaintiff,<br><br>v.<br><br>CH, a minor; BRITTANY FREESE a/k/a BRITTANY HILL, parent of minor CH: GARY HILL, parent of minor CH; and DOES 1 and 2,<br><br>                    Defendants. | Case No.: 6:13-cv-0153-TC<br><br>PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS<br><br>FRCP 12(b)(1) |

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

Plaintiff Adam Matot herein responds to defendant Gary Hill's (and apparently only Gary Hill's) motion to dismiss for lack of subject matter jurisdiction. Defendant Hill's motion is based on two arguments: (1) the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. §1030, as narrowed by *U.S. v. Nosal*, 676 F.3d 855 (9th Cir. 2012), does not include the conduct of defendant Does 1 and 2 or CH's conduct; and (2) the argument that 18 U.S.C. §1030 does not apply as plaintiff has no "ownership interest in any data" subject to the 18 U.S.C. §1030 complaint. Defendant Hill's motion is directly solely to the first claim for relief, and not the second, third or fourth claim.

///

As argued herein, defendant Hill misapplies the *Nosal* construction of 18 U.S.C. §1030 and ignores the plain language of 18 U.S.C. §1030 with respect to the applicability to include "any reasonable costs to any victim." For the reasons argued below, Defendant Hill's motion should be denied.

## I. INTRODUCTION

Plaintiff, the assistant principal at Judson Middle School, filed this action against defendants for perpetuating fraud and abuse via protected computers and to stop defendants from harming plaintiff and others. Using social media outlets such as Facebook, defendants, through fraud and abuse, created fraudulent and unauthorized Facebook accounts under plaintiff's name and likeness. One representation of such is presented as Exhibit 1 to the co-filed declaration of counsel. Decl. Counsel ¶4, Exhibit 1.[1] The actions of CH and the Does defamed plaintiff and caused harm to plaintiff and others as over seventy (70+) presumed middle school students were invited to "friend" the forged Facebook account. Having "friended" the account, these mainly middle school students were then exposed to pornographic and obscene material presented in association with plaintiff's name and image. Exhibit 1, ex. "I FUCKED A MONKEY." Moreover, the actions of the Doe defendants impaired plaintiff in his professional capacity as the assistant principal at Judson Middle School and compromised the security of the students at Judson Middle School.

This court, *sua sponte*, issued an order granting plaintiff limited discovery to ascertain the identity of the defendants, which was modified on motion by plaintiff. Plaintiff has now identified

---

[1] Exhibit 1 has been heavily redacted to block the identity and images of the seventy (70+) "friends" who are largely believed to be other middle school students.
[2] Plaintiff is agreeable to permitting defendants to proceed anonymously, especially in light of

one defendant, a minor "CH" and believes to have identified a second and final unnamed Doe Defendant.[2]

## II. ARGUMENT

### A. Plaintiff's Claims is Proper Under 18 U.S.C. § 1030

Defendant Hill's argument relies on a stretched application of *U.S. v. Nosal*, 676 F.3d 855 (9th Cir. 2012), which found that the language of "exceeds authorized access" does not apply to a violation of general Terms of Use ("TOU") for a party that already has legitimate access.[3] In *Nosal*, the Ninth Circuit held that a defendant in a criminal prosecution under 18 U.S.C. §1030 did not "exceed[] authorized access" by transmitting confidential information in violation of his employer's company policy. *Id* at 856, 864. The court determined that "exceeds authorized access" is limited to improper *access*, not just *use*, and unless an employee is barred from access, then unauthorized use, even use in violation of TOU's, is not subject to 18 U.S.C. §1030 criminal liability. *Id.* at 858, 863-64. It is noteworthy that the *Nosal* court equated authorization with "permission," and that the key in *Nosal* is the criminal defendant already had full access and permission to access the data in question. It is the improper *use* that the court ruled was beyond the statute. ("Because Nosal's accomplices had *permission* to access the company database and obtain the information contained within, the government's charges fail to meet the element of 'without authorization, or exceeds authorized access' under [the CFAA]." *Nosal,* 676 F.3d at 864 (emphasis added)).

---

[2] Plaintiff is agreeable to permitting defendants to proceed anonymously, especially in light of the involvement of minors, and is working with Defendant Doe #2, but such offer was rejected by named defendant Hill.

[3] The *Nosal* Court distinguished itself and declined to follow contrary holdings from the Fifth, Seventh and Eleventh circuits. *Nosal, 676 F.3d* at 862, See generally dissent of J. Silverman and J. Tallman, *Id.* at 864-867.

However, the instant case does not deal only with use, but with improper *actual access*. Namely, defendants did not just improperly use or cause harm through the misuse of permission or access they already had. In the instant case the acting defendants *forged access* to permit their trespass and misuse of protected computers and information. Defendants used a stolen name and stolen image to create a forged account to *trespass under false pretense and obtain access* for which they were never authorized. Arguably, the person to whom Facebook granted "permission" to access was not the defendants who created account, but was plaintiff under whose name it was created and whose name and image were used. The analysis is no different than if defendants had "hacked" or stolen plaintiff's password to a pre-existing account and then committed the same acts, only in this case defendant's also forged the account from the ground up before intentionally inflicting harm on plaintiff.

Defendant Hill attempts to re-plead plaintiff's complaint to one of only "unauthorized use" to accommodate *Nosal*, but plaintiff's complaint is clearly about "unauthorized access." The allegations of the instant complaint relate to *forged access*. First Amended Complaint, ¶ 19, 24-26. *See also Weingard v. Harland Fin. Solutions, Inc.*, No. C 11–3109 EMC, 2012 WL 2327660, at *3 (N.D.Cal. June 19, 2012) (holding that 18 U.S.C. §1030 applies to restrictions on access regardless of whether the restrictions are contractual or technological). In the instant case, and in cases with there is forged access and trespass under false pretense and obtain access 18 U.S.C. §1030 applies even under the holdings of the *Nosal* court.

Finally the root concerns with the *Nosal* court, namely that parties may not be fully aware of vague or obscure terms of use and inadvertently violate such terms, are simply not present in the instant case. Defendants in the instant case acted with no colorable claim of right and with the express intent to forge an account for the purposes of causing plaintiff harm. As per Exhibit

1, there is no concern that defendants inadvertently or harmlessly crossed a grey or hidden line. Plaintiff's claim under 18 U.S.C. §1030, which is titled Computer Fraud and Abuse Act, clearly involved computer fraud (a forged account) and abuse (see. Exhibit 1). Defendant Hill's motion should be denied.

### 1. 18 U.S.C. § 1030 Does Not Require Plaintiff "Own" Anything

Defendant Hill's arguments with respect to ownership are without basis and should be disregard. Nowhere in 18 U.S.C. §1030 is there a requirement that plaintiff "own" the computer or data accessed. The plain language of the statue gives standing to "any person who suffers damage or loss by reason of a violation of this section" to "maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief." 18 U.S.C. §1030(g).

Regardless, there is no doubt that plaintiff has ownership interests in his name, image and reputation, as well as with the data of plaintiff's name and image used. To the extent any ownership interest is required, an ownership interest exists in the name and image of plaintiff and is properly plead.

### 2. Damage is not required

Under 18 U.S.C. §1030(g) a party has standing to bring a claim if the alleged conduct involves "a threat to public health or safety." 18 U.S.C. §1030(c)(4)(A)(i)(IV). Impairing a school official's ability to provide for the safety of students gives standing to any party that suffers loss, including plaintiff. Ownership of computers, or even data is not required. A threat to public safety is properly plead in the pending complaint. First Amended Complaint, ¶ 27.

### 3.  If Necessary Plaintiff Should Be Granted Leave To Amend

While plaintiff has endeavored to present a narrow and tailored complaint, should the court wish to extend *Nosal* to cover access obtained through fraud and a forged account, plaintiff requests leave to file an amended pleading pursuant to Federal Rule of Civil Procedure 15(a)(2).

##### a)  Plaintiff has a valid RICO Claim

Under the Racketeer Influenced and Corrupt Organizations Act ("RICO") (18 USC. § 1961 et seq.), a person injured in his business by reason of a violation of 18 U.S.C. § 1962 may bring a private civil action.  18 U.S.C. § 1964(c).  The compensable injury of a private litigant is the harm caused by the predicate acts. *Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 497 (1985). In order to state a claim under RICO, a plaintiff must allege facts that establish a pattern of racketeering activity based on a minimum of two predicate acts: (1) a criminal enterprise in which the defendants participated and (2) a causal relationship between the predicate acts and the harm suffered by the plaintiff.  *See* 18 U.S.C. §§ 1961-68, 2314, 2315. *Lopes v. Fremont Freewheelers*, C 07-6213 PJH, 2008 WL 3304944 (N.D. Cal. 2008) aff'd, 362 Fed. Appx. 874 (9th Cir. 2010)(unpublished).  "Racketeering activity" means any act "indictable" under numerous specific federal criminal provisions, including wire fraud and anything relating to obscene matter. 18 U.S.C. § 1961(1)(B).  The standards for obscenity consist of three elements: (1) whether the material appeals to a prurient interest, (2) whether the material is patently offensive in the face of contemporary community standards, and (3) lack of redeeming social value.  See *Roth v. United States*, 354 U.S. 476 (1957).

##### a)  The allegations include obscene material.

Obscene matter is clearly present with the depiction of a monkey performing fellatio on himself relates to obscene matter, as do comments such as "I FUCKED A MONKEY" meet the

standards for obscenity. *See* Exhibit 1. Further materials are also available should they be necessary. First Amended Complaint, ¶¶ 4, 21; Exhibit 1.

### b) The allegations include Wire Fraud

The allegations of the complaint clearly include conduct covered by 18 U.S.C. § 1343, the Wire Fraud Statute, which states:

> Whoever, having devised or intending to devise any scheme or artifice to defraud…transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such a scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 1343.

In the present case, minor CH and Does 1 and 2 created the Facebook page under false pretenses with the intent to defraud, i.e. convey to the public that the Facebook page belonged to plaintiff and cause harm to plaintiff and in plaintiff's name. This fraudulent information, including fraudulent writings and pictures, was transmitted by means of wires in interstate and foreign commerce. First Amended Complaint, ¶¶ 19-21, 25-26, 30-32.

In the case at hand, there exists a clear injury, and plaintiff is a clear target of intended harm through the conduct of defendants which includes wire fraud and actions relating to obscene matter. Plaintiff has plead and can show that the harm plaintiff received was actually and proximately caused by the acts of the defendants. Further, the activity of the defendants meets the standards for "racketeering activity" in that the acts are chargeable and indictable under the federal criminal provisions for wire fraud and "anything relating to obscene matter." Should the plaintiff be required, an amended complaint can be filed to include such claims specifically.

### D. Defendant's Actual Remedy is for Remand

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. 1447(c). While defendant Hill moves for dismissal, the statutory directive is for remand. *Id.; Quackenbush v. Allsate Ins. Co.*, 517 US 706 (1996). Dismissal would be improper as there are remaining claims. Therefore, defendant's Motion to Dismiss should be denied.

### III. CONCLUSION

As per the arguments presented above, this is a clear case of computer fraud and abuse, which is subject to 18 U.S.C. §1030. Defendants were never authorized for access under their forged Facebook account. Defendant's motion should be denied. Further, should the court elect to extend the *Nosal* limitations of 18 U.S.C. §1030 to include trespass under a forged account, plaintiff should be granted leave to file an amended complaint and plead conduct clearly violates 18 U.S.C. § 1343, the Wire Fraud Statute, and the Racketeer Influenced and Corrupt Organizations Act.

DATED: July 23, 2013.

        */s/ Carl D. Crowell*
        Carl D. Crowell, OSB No. 982049
        email: crowell@kite.com
        Crowell Law
        P.O. Box 923
        Salem, OR 97308
        (503) 581-1240
        Of attorneys for the plaintiff