Joseph D. Smith, OSB No. 111418
email: joe@salemlegalteam.com
Castillo Wren Smith, P.C.
1305 Cannon Street SE
Salem, OR 97302
(503) 371-4444
Or Attorneys for Defendant/Gary Hill

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| ADAM MATOT, <br><br> Plaintiff, <br><br> v. <br><br> CH, a minor; BRITTANY FREESE a/k/a BRITTANY HILL, parent of minor CH: GARY HILL, parent of minor CH; and DOES 1 and 2, <br><br> Defendants. | Case No.: 6:13-cv-00153-TC <br><br> **DEFENDANT GARY HILL'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS** <br><br> **FRCP 12(b)(1)** |

**DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM**

1. Defendant, Gary Hill, by and through his counsel, replies to Plaintiff's Memorandum in Opposition to Motion to Dismiss filed on July 23, 2013. Plaintiff's Memorandum in Opposition attempts to resuscitate his Amended Complaint by arguing (1) that Defendant minors forged access to create a satirical Facebook account, (2) that Plaintiff need not "own" anything to suffer damage or loss, and (3) that Plaintiff has standing under 18 U.S.C. § 1030(c)(4)(A)(i)(IV).

# ARGUMENT

2.	Defendant minors had authorization to access and use Facebook Computers because they had preexisting accounts through Facebook.  The Ninth Circuit Court has held "that a person uses a computer 'without authorization'" under §§ 1030(a)(2) and (4) when the person has not received permission to **use** the computer for any purpose (such as when a hacker **accesses** someone's computer without any permission), or when the employer has rescinded permission to **access** the computer and the defendant **uses** the computer anyway". *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1135 (9th Cir.2009) (**emphasis added**).  In this holding, the Court uses the terms "access" and "use" interchangeably and makes no distinction in their meaning.  Because Defendant minors had permission to use/access Facebook computers for the purpose of creating and maintaining their own personal Facebook accounts, they are incapable of using/accessing Facebook computers "without authorization."

3.	Plaintiff's allegations that Defendant minors reentered Facebook computers with the purpose and intent of creating a fake account does not somehow void existing permissive use/access.  In *U.S. v. Nosal*, 676 F. 3d 855 (9th Cir. 2012), the Court held, "Because Nosal's accomplices had *permission* to access the company database and obtain the information contained within, the government's charges fail to meet the element of 'without authorization, or exceeds authorized access' under [the CFAA]."  The fact that the Nosal accomplices reentered the company database with the intent to steal information did not void their permission to use/access company computers and data.  Here, Defendant minors accessed and used Facebook and Twitter computers with permission.  Because Defendant minors had permission to use Facebook and Twitter, 18 U.S.C. § 1030 does not apply.

4.      Plaintiff's contention that ownership is not required to have standing under 18 U.S.C. § 1030 is self-defeating. Fortunately for Plaintiff, the plain language of the statue does give standing to "any person who suffers damage or loss by reason of a violation of this section." Unfortunately for Plaintiff, the terms "damage" and "loss" are also defined in the plain language of the statute. "Damage" is defined in 18 U.S.C. § 1030(e)(8) as "impairment to the integrity or availability of data, a program, a system, or information." "Loss" is defined in 18 U.S.C. § 1030(e)(11) as:

> "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damage incurred because of interruption of service".

These definitions make plain the legislative intent of who may maintain a claim under this statute. Plaintiff has not pled that he has suffered "impairment to the integrity or availability of data, a program, a system, or information." Plaintiff has not been damaged. Plaintiff has not pled that he incurred reasonable cost for conducting a damage assessment, and restoring the data program, system, or information to its condition prior to the offense, or any lost revenue, cost incurred, or other consequential damage incurred because of interruption of service. Plaintiff has not suffered "loss" as defined by the statute. The reason Plaintiff has not pled "damage" or "loss" as defined by the statute is because damage and loss as defined here can only be suffered by an individual or corporation that has ownership interest in the computer or data in question. Plaintiff has no such interest and therefore does not have standing under the statute.

5.      Plaintiff attempts to regain standing by asserting actual damages are not required under 18 U.S.C. § 1030(c)(4)(A)(i)(IV) if the alleged conduct involves "a threat to public health or safety." 18 U.S.C. § 1030(c)(4)(A)(i)(IV) only applies to offenses under 18 U.S.C. § 1030(a)(5)(b) which reads:

> Whoever intentionally accesses a protected computer without authorization, and as a result of such conduct, recklessly causes damage shall be punished as provided in subsection (c) of this section.

18 U.S.C. § 1030(a)(5)(b) clearly requires damages as an essential element of the offense. As stated above, "damage" is defined in 18 U.S.C. § 1030(e)(8) as "impairment to the integrity or availability of data, a program, a system, or information". Plaintiff has failed to put forth any factual basis whatsoever to claim that he was "damaged" or that Defendant minors caused "damage" as defined in the statute. Plaintiff does not have standing under 18 U.S.C. § 1030(c)(4)(A)(i)(IV).

6. The Court should deny Plaintiff's petition for leave to amend. Under the Federal Rules of Civil Procedure 15(a)(2), the Court shall give leave to amend when justice requires. Here justice does not require that the Court give leave to amend. Plaintiff mistakenly believes that he has a valid RICO or Wire Fraud Claim. The belief that either claim can reasonably be applied to the actions here alleged is laughable. There is no factual basis to believe that Defendant minors had a pattern of racketeering activity "dealing" in pornographic material or that they intended to seek advantage over Defendant by committing wire fraud. Leave to amend in this case will only serve to waste the Court's time and the resources of the parties involved. Defendant Hill respectfully requests that Plaintiff's petition for leave to amend be denied.

7. The appropriate remedy in this case is dismissal. Plaintiff seeks remand under 28 U.S.C. 1447(c). 28 U.S.C. 1447 applies "to any case removed from a State court" and serves as procedural guidelines after removal generally. Plaintiff relies on *Quackenbush v. Allstate Ins. Co.*, 517 US 706 (1996). Quackenbush is easily distinguished from this case because Quackenbush originated in state court and this case originated in federal court. 28 U.S.C. 1447 does not apply in this case.

8.	Subject matter jurisdiction is an essential element to every lawsuit and must be demonstrated "at the successive stages of the litigation." *Chapman v. Pier 1 Imports* (U.S.), Inc.,631 F.3d 939, 954 (9th Cir. 2011) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561(1992)).  The existence of subject matter jurisdiction is an ongoing inquiry that a court must conduct sua sponte in order to continue the case. *Chapman*, 631 F.3d at 954; *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002). The plaintiff has the burden of establishing jurisdiction after a defendant files a 12(b)(1) Motion contesting the Court's subject matter jurisdiction. *Rodriguez v. P.L. Industries, Inc.*, 53 F.Supp.2d 538, 539 (D.Puerto Rico 1999). Where subject matter jurisdiction is absent, a court has no discretion and must dismiss the case. *Chapman*, 631 F.3d at 954.

## CONCLUSION

9.	Based on the foregoing reasons, Defendants respectfully request that Plaintiff's Amended Complaint be dismissed without leave to amend.

DATED this 5th day of August, 2013.

    Respectfully submitted

    /s/ Joseph D. Smith_____
    Joseph D. Smith, OSB No. 111418
    email: joe@salemlegalteam.com
    Castillo Wren Smith, P.C.
    1305 Cannon Street SE
    Salem, OR 97302
    Of Attorney's for Defendant/Gary Hill

## CERTIFICATE OF SERVICE

I certify that on August 5, 2013, I served DEFENDANT GARY HILL'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS on the following parties through their attorney via the Court's CM/ECF filing system:

    Carl D. Crowell
    Attorney for Adam Matot
    Crowell Law
    P.O. Box 923
    Salem, OR 97308

    /s/ Joseph D. Smith
    Joseph D. Smith, OSB No. 111418
    Castillo Wren Smith, P.C.